UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

QUEVEDO PALOMINO CRISTIAN ERNESTO,

Petitioner,

v.

UNKNOWN PARTY,

Respondent.
______________________________/

Case No. 1:26-cv-2703

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7, 8.)

In an order entered on October 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the July 23, 2026, bond hearing on October 9, 2026. (Resp., ECF No. 6; Recording of July 23, 2026, Bond Hearing, filed on Oct. 9, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2023. (Notice to Appear (NTA), ECF No. 6-2, PageID.98.) On January 13, 2026, Petitioner was arrested by ICE. (2026 Form I-213, ECF No. 6-4, PageID.109.)

On April 1, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Quevado-Palamino v. Warden* (*Quevado-Palamino I*), No. 5:26-cv-11064 (E.D. Mich.).[1] In *Quevado-Palamino I*, the Court partially granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) or, in the alternative, immediately release Petitioner from custody. Order, *Quevado-Palamino I*, (E.D. Mich. July. 20, 2026), (ECF No. 29).

On July 23, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 6, PageID.81, 82.) At the conclusion of the July 23, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk." (Order Immigration Judge, ECF No. 6-5, PageID.112.)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on July 23, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government

[1] Petitioner's full name is Cristian Ernesto Quevado Palomino. (2026 Form I-213, ECF No. 6-4, PageID.107.)

to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 21, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge